UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RUSSELL ERNEST BOYD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:09-CV-0537 WL |
| CORRECTIONAL MEDICAL SERVICES, INC., *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Russell Boyd, a prisoner confined at the Indiana State Prison, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Correctional Medical Services, Inc., ("CMS") and several CMS officials and employees violated the Eighth Amendment's prohibition against cruel and unusual punishments when they delayed treatment for a detached retina causing him pain and suffering and the loss of sight in one eye. The plaintiff also asserts supplemental jurisdiction over state law claims arising from the same events.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE

12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

The plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Boyd asserts that he began having problems with the vision in his right eye in October 2007, which was diagnosed as a retinal detachment. He received surgery for the detachment, but continued to have problems with his right eye. On December 18, 2007, he was taken to Retina Associates Eye Clinic where a specialist "determined that Boyd's retina had again detached with the macula fully involved." (DE 1 at 19). The doctor advised the defendants "Please refer to Dept. Of Ophthalmology; Indiana University next 2-3 days. <u>Needs</u> surgery!!" (*Id.*) (emphasis in original). The defendants did not arrange for surgery for Boyd within three days. Boyd unsuccessfully submitted numerous health care requests and grievances over the next two months, but the defendants did not

2

send him for surgery until February 21, 2009. Boyd asserts that the defendants denial of timely treatment resulted in the loss of sight in his right eye. He also alleges that the defendants did not provide him adequate medication for headaches and pain in his right eye.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (Citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837.

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment

3

test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. Giving Boyd the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim that the defendants were deliberately indifferent to his serious medical needs causing him pain and suffering and the loss of sight in one eye.

The plaintiff also states that he wishes to bring claims under the Indiana Constitution and laws based on the facts that form the basis for his federal claims against them. In 28 U.S.C. § 1367, the pendent jurisdiction doctrine was codified to provide that federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so

4

related to claims in the action . . . that they form part of the same case or controversy." The plaintiff may pursue his supplemental state law tort claims against the defendants on his failure to treat claim to the extent that he meets the procedural prerequisites established by state statute to bring such claims.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the defendants on his Eighth Amendment failure to protect and delay of medical treatment claims and on his supplemental state law claims;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the marshals service to effect service of process on the defendants , and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

DATED: January 15, 2010

                                          s/William C. Lee
                                          William C. Lee, Judge
                                          United States District Court