UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RUSSELL ERNEST BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-0537 WL |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Russell Boyd, a prisoner currently confined at the Pendleton Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Correctional Medical Services, Inc., ("CMS"), and several CMS officials and employees violated the Eighth Amendment's prohibition against cruel and unusual punishments when they delayed treatment for a detached retina causing him pain and suffering and the loss of sight in one eye while he was confined at the Westville Correctional Facility. The court screened the complaint pursuant to 28 U.S.C. § 1915A(a), and allowed Boyd to proceed against the defendants.

Boyd has now filed a motion for temporary restraining order ("TRO") asking the court to:

> . . . enjoin[] Officials at the Pendleton Correctional Facility Officials' Alan Finnan, Superintendent; Tim Percell, Assistant Superintendent (Operations); Kathy Griffith Assistant Superintendent (Re-Entry); Bruce Helming, K-Dormitory Unit Team Case Manager; Chaplain Jeffrey Hinshaw, PLUS Program Coordinator, as well as their officers and agents from transferring Boyd into the dangerous situations where he must climb

and descend stairs (utlizing a blind stick) which works as a real and potential problem for Boyd, thereby causing Boyd emanate (sic) physical harm and irreparable injury, loss, or damage before the adverse party can be heard in opposition. That Boyd would further seek all other relief just and proper under the premises.

(DE 30 at 4-5).

Both the adversarial system of justice and simple notions of fairness require that a defendant generally be notified and afforded the opportunity to respond before being enjoined.[1] A temporary restraining order is an extraordinary and drastic remedy that should not be granted unless the movant carries the burden of persuasion by a clear showing of (1) reasonable likelihood of success on the merits, (2) no adequate remedy at law, (3) irreparable harm absent injunctive relief outweighing irreparable harm if injunctive relief is granted, and (4) no harm to the public interest. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 43, 437 (7th Cir. 2005). The Supreme Court of the United States has instructed that *ex parte* temporary restraining orders "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (citations omitted). Federal

---

[1] The plaintiff did not give notice of this motion to the defendants' counsel, though since he is not seeking relief against any of the defendants in this case that may not be a significant problem. But it also appears that he did not seek to give notice to the Pendleton Correctional Center officials against whom he sees a temporary restraining order.

Rule of Civil Procedure 65(b) specifies the following requirements for the issuance of a temporary restraining order without notice:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

This court does not have jurisdiction to grant the relief Boyd requests in his motion for a TRO. The claims against the defendants recounted in the complaint all occurred while Boyd was housed at the Westville Correctional Facility, which is within the geographical boundaries of this court. The defendants in this cause of action are the Correctional Medical Services Inc., ("CMS") and eight CMS officials or employees. The officials against whom Boyd seeks a TRO are all officials or employees of the Pendleton Correctional Facility, none of whom are defendants, so the court has not acquired personal jurisdiction over them. The Pendleton Correctional Facility is located in Madison County, Indiana, which is within the geographical boundaries of the United States District Court for the Southern District of Indiana. Accordingly, this court lacks jurisdiction to enter a TRO against Pendleton Correctional Facility officials regarding events occurring at the Pendleton Correctional Facility. The proper venue for Boyd's request for a TRO against Pendleton Correctional Officials is the United States District Court for the Southern District of Indiana. Moreover, the relief Boyd seeks in his TRO

3

does not implicate the claims before this court. In his complaint Boyd alleges that CMS officials and employees denied him adequate care at the Westville Correctional Facility resulting in the loss of sight in one eye. In his request for a TRO Boyd requests injunctive relief regarding where within the Pendleton Correctional Facility the prison officials at that facility may house him.

For all of these reasons, Boyd's request for a temporary restraining order from this court and in this cause of action must be denied. The court will deny the request for a TRO without prejudice to Boyd's right to refile it in the United States District Court for the Southern District of Indiana.

For the foregoing reasons, the court DENIES the plaintiffs' *ex parte* request for a temporary restraining order against Pendleton Correctional Facility officials (DE 30), for lack of jurisdiction, without prejudice to the Plaintiff's right to refile it in the United Sates District Court for the Southern District of Indiana.

SO ORDERED.

DATED: March 1, 2010

                                              s/William C. Lee
                                              William C. Lee, Judge
                                              United States District Court